UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MAINE HUMAN RIGHTS COMMISSION for the use of Pauline Champagne o/b/o Michael Morin, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  1:21-cv-00050-JDL<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND COMPLAINT

On April 23, 2021, Defendant Wal-Mart Stores East, L.P. ("Walmart") moved to dismiss (ECF No. 12) the Complaint (ECF No. 3-2) of Plaintiffs Maine Human Rights Commission and Michael Morin (through his legal guardian Pauline Champagne) for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Soon thereafter, the Plaintiffs filed a Motion for Leave to Amend the Complaint (ECF No. 19). I heard oral argument on both motions on September 15, 2021. For the reasons that follow, Walmart's Motion to Dismiss (ECF No. 12) is denied and the Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 19) is granted.

I. BACKGROUND

The following facts are uncontested for purposes of the Motion to Dismiss. Morin has an intellectual disability that interferes with his ability to communicate, learn, concentrate, speak, think, and read. Because of this, he has a difficult time

understanding and adapting to change, and he requires a predictable and fixed schedule of daily activities to work effectively. Since 2001, he has worked as a Cart Associate at Walmart's Skowhegan location. In this role, Morin returns shopping carts from the parking lot, helps customers bring items into and out of the store, and provides other customer service. Until early 2019, Morin worked a fixed schedule of 8:15 a.m. to 11:30 a.m. on Mondays, Wednesdays, and Fridays.

In early 2019, Walmart informed Morin, through his mother, that the store would no longer provide him with this predictable schedule of short shifts. Walmart was about to implement new software that automatically schedules employees based on sales data, and the software neither guarantees a fixed work schedule nor assigns shifts shorter than four hours.

Morin's mother submitted a written request asking that Walmart accommodate Morin by allowing him to continue working his modified, set schedule. She included a letter from Morin's doctor explaining that Morin requires the "reasonable accommodation of a modified, set schedule each week" because, "[d]ue to [his] intellectual disability, he has a difficult time understanding and adapting to change" and "requires predictability and regularity in his day in order to function effectively in his job." ECF No. 18-2 at 9.

Walmart denied the request for a modified, set schedule, writing, "Your specific request was denied because establishing a set schedule would impact the company's ability to provide the necessary level of services to our customers, adversely affect the schedules of other associates, and/or cause disruption in customer service

scheduling."[1] ECF No. 18-3 at 2. Walmart went on to deny Morin's request three more times: at a meeting with the store manager and through two letters denying his mother's requests for reconsideration.

Morin's mother filed an employment discrimination complaint on Morin's behalf with the Maine Human Rights Commission (the "Commission"). The Commission found reasonable grounds to believe that Walmart discriminated against Morin. When informal conciliation failed, the Commission voted to initiate an action in state court, which Walmart then removed to federal court. The Complaint asserts that Walmart failed to reasonably accommodate Morin under the Americans with Disabilities Act and the Maine Human Rights Act when Walmart rejected his requested scheduling accommodation.

In its Motion to Dismiss for lack of subject-matter jurisdiction, Walmart alleges two additional facts based on the declaration of the Skowhegan store manager: First, since the adoption of the scheduling software, Walmart has manually overridden the software every week to give Morin his preferred hours, and, second, the company does not presently intend to stop doing so.[2] Walmart contends that these undisputed facts show that Morin has not suffered an injury in fact because Walmart has

---

[1] Walmart did grant Morin two other accommodation requests that are not at issue in this litigation: the use of a cart "mule" and a state-funded job coach.

[2] According to Walmart, Morin's schedule changed to 8:15 a.m. to 12:15 p.m. on Mondays and Wednesdays and to 8:15 a.m. to 11:30 a.m. on Fridays starting July 1, 2019. This was the result of a suggestion by the Skowhegan store manager that Morin revise his availability in the system to the four-hour blocks required by the scheduling software as an experiment to see whether the software would schedule him then. Morin did not agree to revise his Friday availability because he has access to a job coach for only 11.25 hours per week. Although the scheduling software experiment was not successful, Walmart has provided Morin this schedule through the manual overrides since July 1, 2019.

accommodated him with the exact accommodation he requested, notwithstanding the company's formal denials, and thus Morin lacks standing to sue. Walmart also asserts that, because it is incontrovertible that the company does not intend to discontinue this accommodation, any claim based on the future injury that Morin might suffer if Walmart were to withdraw the accommodation is not ripe. Additionally, Walmart challenges the standing of the Commission, arguing that the agency's standing is derivative of Morin's standing and cannot exist absent evidence that Walmart failed to reasonably accommodate Morin. Finally, Walmart contends that the Plaintiffs' Motion for Leave to Amend the Complaint is futile because the proposed First Amended Complaint does not correct the flaws of the operative complaint.

The Plaintiffs do not deny that Walmart has been manually overriding the scheduling software, but they contest Walmart's claim that the company has provided Morin with his requested accommodation of a modified, set schedule. The Plaintiffs insist that overriding the software on a weekly basis is not the equivalent of telling Morin that he can expect to work the same hours every week, because Morin does not know when he will work until Walmart publishes each week's schedule. In her declaration, Morin's mother adds that Morin suffers anxiety while he waits for the schedule to be published and that he repeatedly asks her if he is scheduled to work.

The Plaintiffs also dispute Walmart's assertion that it has no plan to discontinue the manual overrides. Morin's mother alleges that Walmart waited until the filing of its Motion to Dismiss to announce this position. The Plaintiffs also argue that Walmart's latest representation conflicts with the formal denials of Morin's

4

request, as well as testimony by Walmart's Regional Human Resources Manager to the Commission that "modify[ing] [Morin's] schedule every single week . . . is not something that we are supposed to be doing" because "if we modify for one, we have to modify for all." Finally, the Plaintiffs assert that they should be granted leave to amend their Complaint to amplify their allegations of emotional harm and to add a request for nominal damages.

## II. LEGAL ANAYLSIS

### A. Standing

Walmart contends that because it has continued to provide Morin with the schedule that he has requested, he has not suffered an injury in fact and, therefore, he and the Commission lack standing to bring this action.

A plaintiff must have standing for a federal court to exercise subject-matter jurisdiction. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Here, Walmart takes aim at the first requirement, injury in fact.

A defendant can mount a facial or factual challenge to a plaintiff's claimed injury in fact. *Torres-Negrón v. J & N Recs., LLC*, 504 F.3d 151, 162-63 (1st Cir. 2007) (discussing subject-matter-jurisdiction challenges generally). A facial challenge "accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether the

5

plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). In contrast, a factual challenge "controvert[s] the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffer[s] materials of evidentiary quality in support of that position." *Id.* And when "the relevant [jurisdictional] facts . . . also implicate elements of the plaintiff's cause of action," *Torres-Negrón*, 504 F.3d at 163, a factual challenge calls for the summary-judgment standard: "[T]he trial court should grant the motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law,'" *id.* (quoting *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). "A genuine dispute as to a material fact exists if a fact that 'carries with it the potential to affect the outcome of the suit' is disputed such that 'a reasonable jury could resolve the point in the favor of the non-moving party.'" *French v. Merrill*, 15 F.4th 116, 123 (1st Cir. 2021) (quoting *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000)).

Walmart's challenge is factual because the parties dispute whether Walmart provided Morin with his requested accommodation. And, as Walmart acknowledges, the summary-judgment standard applies because whether Walmart reasonably accommodated Morin's disability is an element of the Plaintiffs' failure-to-accommodate claim. *See Bell v. O'Reilly Auto Enters.*, 972 F.3d 21, 24 (1st Cir. 2020) (explaining that a plaintiff must show that "the employer knew of the disability but declined to reasonably accommodate it upon request" (quoting *Sepúlveda-Vargas v. Caribbean Rests., LLC*, 888 F.3d 549, 553 (1st Cir. 2018))). As such, "[i]f the plaintiff

presents sufficient evidence to create a genuine dispute of material (jurisdictional) facts, then the case proceeds to trial, so that the factfinder can determine the facts, and the jurisdictional dispute will be reevaluated at that point." *Torres-Negrón*, 504 F.3d at 163.

A genuine dispute of material jurisdictional fact exists here. A reasonable jury could determine that Walmart did not provide Morin with his requested accommodation of a modified, set schedule. Examining the evidence with the benefit of hindsight, Walmart has provided Morin with a schedule that is "set" in the sense that the schedule has not varied. But a reasonable jury could interpret Morin's accommodation request as seeking something more; namely, a forward-looking assurance that his schedule is fixed and not determined week-to-week. That interpretation finds support from his doctor's letter, which specified that Morin "requires predictability . . . in order to function effectively in his job." ECF No. 18-2 at 9. Although Walmart claims that it has no intention to discontinue the manual overrides, there is also record evidence that Walmart denied Morin's request four times; informed the Commission that Walmart stores are not supposed to modify schedules in the way the Skowhegan store is doing for Morin; and waited until its Motion to Dismiss to voice its intention to continue providing Morin his preferred hours.

Because a reasonable jury could conclude that Walmart has not given Morin a predictable and therefore set schedule, there is a genuine dispute of material fact. Thus, it is premature to conclude, as a matter of law, that Morin has not suffered an injury in fact. Similarly, because Walmart's challenge to the Commission's standing

Case 1:21-cv-00050-JDL   Document 38   Filed 12/22/21   Page 8 of 9   PageID #: 320

is predicated on the argument that Morin has not suffered an injury in fact, I must reject that challenge as well. *Cf. Me. Hum. Rts. Comm'n v. Sunbury Primary Care, P.A.*, 770 F. Supp. 2d 370, 399 (D. Me. 2011) (applying organizational-standing principles to the Commission).

**B.    Ripeness**

Walmart also challenges the ripeness of the Plaintiffs' claims. "[S]tanding and ripeness inquiries overlap," although "[r]ipeness . . . can be thought of as focusing on the 'when' of litigation, as opposed to the 'who.'" *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 69 (1st Cir. 2003). "The test to be applied . . . is whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 70 (quoting *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972)). "Determining ripeness involves a dual inquiry: evaluation of 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)).

The Plaintiffs' claims are ripe. Walmart allegedly discriminated against Morin in 2019 when it denied his accommodation request. This issue is fit for adjudication now because the alleged injury has already happened and thus does not implicate "uncertain and contingent events that may not occur," *id.* (quoting *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 536 (1st Cir. 1995)), or "present injury from a future contemplated event," *id.*[3]

---

[3] Given my conclusions on standing and ripeness, I do not address the Plaintiffs' additional arguments in support of the Court's exercise of subject-matter jurisdiction.

8

## C.  The Plaintiffs' Motion to Amend the Complaint

Finally, a request to amend a complaint that is not made as a matter of course is judged under the freely-given standard. Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as . . . futility of amendment . . . —the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Plaintiffs' proposed First Amended Complaint is not futile because I have rejected Walmart's jurisdictional challenges. Accordingly, the Motion for Leave to Amend the Complaint will be granted.

## III.  CONCLUSION

Defendant Wal-Mart Stores East, L.P.'s Motion to Dismiss (ECF No. 12) is **DENIED**, and Plaintiffs Maine Human Rights Commission and Michael Morin's Motion for Leave to Amend the Complaint (ECF No. 19) is **GRANTED**.

**SO ORDERED.**

**Dated: December 22, 2021**

                                                                           **/s/ JON D. LEVY**
                                                               **CHIEF U.S. DISTRICT JUDGE**